IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
RECEIVED
AUG 22 2024
FIFTH CIRCUIT

No. 24-30191

| | |
|---|---|
| JEAN PAUL CREPPEL #501207 : | CIVIL ACTION |
| *Appellant* | |
| | MDLA/Docket No. 3:23-CV-290 |
| - Versus - | |
| | JUDGE: SHELLY D. DICK |
| J.P. CASHIO, ET AL. | |
| *Defendants* | MAGISTRATE: R. L. BOURGEOIS |
| FILED: _____ : | CLERK: _____ |

## BRIEF IN SUPPORT OF APPELLANT'S CHALLENGE OF THE DISTRICT COURT'S DENIAL OF IFP STATUS AND CERTIFICATION THAT THE APPEAL IS NOT TAKEN IN GOOD FAITH

NOW INTO COURT comes JEAN PAUL CREPPEL/#501207, (hereafter Mr. Creppel) in the above entitled matter, who respectfully submits the following brief in support of his challenge to the District Court's denial of IFP status and certification that the appeal is taken in good faith:

### STATEMENT OF JURISDICTION

This Court has jurisdiction over appeals pursuant to 28 USC § 636(c)(3) and FRAP Rule 3.1.

### FACTUAL ALLEGATIONS

Through events attributable to Defendants in this complaint, on May 20, 2019, Mr. Creppel suffered a catastrophic neck injury that resulted in being temporarily paralyzed from his neck down. In a complaint and within the required 90 day period following the incident

1

involving denial of medical care and related state tort claims, Mr. Creppel received assistance[1] through Offender Counsel Substitutes, preparing and timely submitting a Request for Administrative Remedy Procedure dated July 8, 2019. Mr. Creppel's complaint was ACCEPTED into the ARP system on 7/24/2019 and it was assigned Administrative Remedy Procedure Number LSP-2019-1470. A 1st Step response to LSP-2019-1470 dated 8/23/2019 was delivered to the LSP Nursing Ward 2 and Mr. Creppel physically received his 1st Step ARP response on 8/28/2019. Mr. Creppel then timely forwarded his complaint to the DPS&C Headquarters for a 2nd Step review and response. Unfortunately, the 2nd Step languished at the 2nd Step for several *years*. Mr. Creppel was physically incapacitated from his injuries and lack of physical therapy during the COVID-19 pandemic shutdowns. The delays in physical therapy made it much harder to regain his motor functions after things began opening back up following the COVID shutdowns. Upon inquiry with Offender Counsel Substitutes, Mr. Creppel learned he could request the Louisiana 19th Judicial District Court to compel a 2nd Step Response to his languishing LSP-2019-1470 ARP complaint.

After filing a state Petition for Writ of Mandamus [Louisiana 19th JDC, Docket Number 724959, Section 23, and due delays therein, the DPS&C finally issued a 2nd Step response to LSP-2019-1470 dated 3/23/2023. Pursuant to LSA-R.S. Art. 15:1172, the 1 year prescriptive period to file his lawsuit was suspended until the final agency decision [2nd Step ARP Response] was delivered. Therefore, the one-year prescriptive period to file suit for the cause of action being exhausted under ARP-LSP-2019-1470 was suspended the entire time the ARP complaint

---

[1] The full extent of Mr. Creppel's motor skills following the injury included speaking and moving his eyes, writing his signature and little else for a long time. Only after the COVID-19 pandemic ran its course and services began to reopen, was Mr. Creppel finally provided physical therapy. The delay in physical therapy made it much harder and took much longer to regain basic motor skills such as writing and moving his arms and legs.

2

languished at the 2nd Step.

After compelling the 2nd Step response through a state writ of mandamus, Mr. Creppel filed a federal lawsuit the following month on April 6, 2023, well within the one year prescriptive period. The Magistrate's Report and Recommendation was based upon the wrong ARP number of a different complaint, (attributable to human error) and dismissal was based on an alleged failure to state a claim due to prescription. When the judgment issued adopting the Magistrate's R&R, Mr. Creppel sought to modify the Judgment through a Rule 59(e) Motion seeking only that the complaint be dismissed *without prejudice* because he now had an attorney willing to provide pro bono assistance in a state tort damages based on this set of facts exhausted in March 2023 under LSP-2019-1470.

Mr. Creppel showed the Court that the Ruling was in error because prescription was suspended under LSA-R.S. Art. 15:1172(E) until the 2nd Step complaint was delivered and that delivery did not occur until March of 2023 after the Louisiana 19th Judicial District Court granted the writ of mandamus compelling the 2nd Step ARP response in LSP-2010-1470.

## ERRONEOUS BASIS OF THE JUDGMENT OF DISMISSAL

Instead of granting the Rule 59 Motion, the Honorable Judge Shelly D. Dick denied the relief upon an entirely different and equally erroneous basis under the Louisiana Administrative Code, as follows:

> "[T]he administrative rules specifically provide that, upon passage of the time allowed for a response at any step of the administrative process, the inmate may proceed unilaterally to the next step thereof. *See* 22 La. Admin. Code, part I § 325(J)(1)(c)....As such when the plaintiff did not receive the Second Step Response within the above time period he was entitled to unilaterally proceed to the next step (filing of suit) and prescription began to run again at this time (approximately October 2019). Plaintiff did not file suit until April 6, 2023, by which time his claim had already prescribed."

3

Under LSA-R.S. Art. 15:1172(E): "Liberative prescription for any delictual action for injury or damages arising out of the claims asserted by a prisoner in any complaint or grievance in the administrative remedy procedure shall be suspended upon the filing of a grievance and shall continue to be suspended until the final agency decision is delivered."

It is indisputable that Mr. Creppel's grievance [LSP-2019-1470] remained in the administrative remedy procedure from May 2019 until the DPS&C finally issued a 2nd Step response in March 2023 in response to Mr. Creppel's state Petition for Writ of Mandamus.

Therefore under the clear language of LSA-R.S. Art. 15:1172(E), the liberative prescriptive period was suspended until that final agency decision was delivered in March of 2023.

In a similar case in *Washington v. Friels*, 2016 WL 1306004, a similar dismissal was recommended by two different Magistrate Judges based on provisions of Louisiana Administrative Code, Title 22, §325(J)(1)(c), wherein each Magistrate judge recommended dismissal based on prescription.

Although the Louisiana Western District [Alexandria Division] did eventually dismiss the suit in the *Friels* case, the Court found "the issue of tolling and prescription...to be more problematic....[because the Report and Recommendations] rely on Louisiana Administrative Code title 22, § 325(J)(1)(c)...[and because] neither report addresses Louisiana Revised Statute 15:1172(E) and the provision that expressly states that a prisoner's delictual actions are suspended until the final agency decision is delivered."

The Judge in the Friels case stated that "Based on this statute" [LSA-R.S. Art. 15:1172(E) he] "will not adopt the Reports of the Magistrate Judges in finding that plaintiff's

4

claims are prescribed [on the basis of La. Admin. Code title 22, §325(J)(1)(c)]. The statute clearly states that a prisoner's claims continues to be suspended until a final agency decision is delivered."

To buttress Mr. Creppel's position on this matter is that Louisiana Administrative Code, Title 22 § 325(F)(3)(a)(viii) provides:

> "Prior to filing a grievance in federal or state court, unless specifically excepted by law, the offender must exhaust all administrative remedies. Exhaustion occurs:
> (a). when the relief requested has been granted;
> (b). *when the second step response has been issued*; or
> (c). when the grievance has been screened and rejected for one of the reasons specified in Subsection I, Grievance Screening. [Emphasis Added]

ARP-LSP-2019-1470 was pending at the 2nd Step until the final agency decision was delivered in March 2023 following Mr Creppel mandamus to compel a 2nd Step response. Although the exception in La. Admin. Code title 22:325(J)(1)(c) may have been an exception to exhaustion; Mr. Creppel was not unilaterally obligated to exercise that exception and was equally permitted to seek exhaustion of remedies through mandamus and issuance of the second step. This is the course he chose. Either option was available, and Mr. Creppel should not be penalized for choosing one over the other.

Moreover, despite the choices Mr. Creppel had under the La. Admin. Code, liberative prescription on the complaint was statutorily suspended or equitably tolled under LSA-R.S. Art. 15:1172(E) until March 2023 when the final agency decision was finally delivered.

When Judge Shelly Dick denied relief in the Rule 59 motion where Mr. Creppel was only seeking to modify the judgment of dismissal from "with prejudice" to "without prejudice," Judge Dick erroneously ruled that "prescription began to run again [in October 2019, at the time

5

Mr. Creppel]....was entitled to unilaterally proceed to the next step (filing of suit)."

Mr. Creppel now wishes to appeal that final Ruling [dismissing with prejudice as prescribed] which affects the viability of his attorney pursuing a delictual action in state court.

In a Notice of Intent to Appeal lodged on March 28, 2024, Mr. Creppel requested an appeal of the March 14, 2024 Ruling denying his Rule 59(e) motion asking this Honorable Court to decide two Issues for Appeal:

1. Whether dismissal with prejudice, even assuming that plaintiff's claim prescribed prior to filing suit, by contra non valentum, is excepted from proscription? And

2. Whether pursuant to the LA. Admin. Code, part I § 325(J)(1)(c), a prisoner in an administrative remedy procedure, is statutorily *"obligated"* to unilaterally pursue administrative remedy to the next step prior to seeking mandamus to the district court to compel the agency to perform a ministerial duty? (In issuing the final decision of the agency on the grievance).

However, in light of the language in LSA-R.S. Art. 15:1172(E) and the prior decision in *Washington v. Friels*, Mr. Creppel believes now the better questions are:

1. **Whether ARP-LSP-2019-1470 prescriptive period was suspended under LSA-R.S. Art. 15:1172(E) until the agency (DPS&C) issued its final agency decision in March 2023, and**

2. **Whether La. Admin. Code, Title 22 § 325(J)(1)(c) abrogates the equitable tolling and suspension of of liberative prescription of LSA-R.S. Art. 15:1172(E) merely because an inmate may choose to exercise a unilateral right to proceed to the next step with sufficient passage of time.**

6

It is these latter two questions [in bold] Mr. Creppel believes are proper before this Honorable Court and which show his appeal is not frivolous and is taken in good faith, justifying grant of proceeding IFP. The District Court recently denied the request to proceed on appeal IFP stating the appeal was not believed to be taken in good faith. For the reasons set forth above, Mr. Creppel asks this Honorable Court to grant in forma pauperis status and allow the latter [bolded] questions to proceed on appeal.

## CONCLUSION

The District Court completely missed the applicable standard of law concerning exhaustion of remedies and tolling under Harris v. Hegman, Washington v. Friels, and LSA-R.S. Art. 1172(E). This is plain error patent on the face of the record. The issue before this Court on appeal is taken in good faith and should GRANT Appellant IFP status on appeal of these issues.

Signed and submitted on this 19th day of August, 2024.

X_____
Jean Paul Creppel/#501207
Louisiana State Penitentiary
Main Prison East/Ash-1
Angola, LA 70712

7

JEAN PAUL CREPPEL #501207
Louisiana State Penitentiary
General Delivery / Ash-1
Angola, La. 70712

UNITED STATES FIFTH CIRCUIT COURT OF APPEAL
Lyle W. Cayce, Office of the Clerk of Court
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408


NOT CENSORED
Not Responsible For Contents
La. State Penitentiary
AUG 20 2024
LA. STATE PEN.
LA. MALE PENAL INSTITUTE
AN ALL MALE PENAL INSTITUTE